UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH GUARNERI,

                        Plaintiff,

v.

M. BRADT,
ATTICA SUPERINTENDENT, et al.,

                        Defendants.

Case # 12-CV-6316-FPG

DECISION AND ORDER

At the time this action was filed, *pro se* Plaintiff Joseph Guarneri was a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), and his suit alleges that the Defendants, various employees of DOCCS, violated his constitutional rights. Now before the Court is the Defendants' Motion to revoke Plaintiff's *in forma pauperis* status and to dismiss this action. ECF No. 22. Because the Plaintiff accumulated more than three strikes prior to commencing this action, and because he was not in imminent danger of death or serious physical injury, the Motion is granted, Plaintiff's *in forma pauperis* status is revoked, and the Complaint is dismissed without prejudice.

DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") provides, in relevant part, that an inmate[1] may not proceed *in forma pauperis* ("IFP") "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

---

[1] Although the Plaintiff was subsequently released from DOCCS custody, he was an inmate at the time this action was commenced, and this action is still governed by the PLRA. *See Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010) (Where a case was filed from prison, the three strikes provision applies despite plaintiff's subsequent release.).

The PLRA also provides a narrow safety valve, allowing a prisoner who is in "imminent danger of serious physical injury" to avoid application of the so-called three strikes rule. *See* 28 U.S.C. § 1915(g); *see also Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002). Under this exception, an inmate who has had three prior strikes must show that he was under imminent danger at the time of filing in order to proceed *in forma pauperis*, but the exception does not provide a basis to avoid application of the three strikes on the basis of past harm. *Malik*, 293 F.3d at 562–63.

When the Plaintiff filed his Complaint in this action, he falsely stated that he "has filed no other lawsuit dealing with the same facts involved in this action *or otherwise related to his imprisonment*." ECF No. 1, ¶ 25 (emphasis added). This false statement is repeated in Plaintiff's Amended Complaint. ECF No. 5, ¶ 41. In reality, "since 1999, Guarneri has filed at least fifteen civil actions in the Second Circuit, eight of which have been filed in the Northern District of New York." *Guarneri v. Wood, et al.,* No. 08-CV-792 TJM/DRH, 2011 WL 4592209, at *6 (N.D.N.Y. Sept. 2, 2011) adopted by No. 08-CV-792 TJM/DRH, 2011 WL 4594149 (N.D.N.Y. Sept. 30, 2011). Indeed, Plaintiff filed at least four actions in the Western District of New York prior to commencing this action. *See* W.D.N.Y. Docket Numbers 05-CV-6483-DGL; 07-CV-6177-DGL; 08-CV-6220-DGL; and 09-CV-6311-DGL.

The Plaintiff is well aware of the three strikes rule, as he has previously had his *in forma pauperis* status revoked by several courts due to having more than three actions dismissed as being frivolous, malicious, or for failing to state a claim prior to commencing those actions. *See, e.g., Guarneri v. Wood, et al.,* No. 08-CV-792, 2011 WL 4592209 (N.D.N.Y. Sep. 2, 2011) (finding that the Plaintiff had accumulated strikes from dismissals in 2000, 2002, and 2005); *Guarneri v. Newman, et al.,* No. 9:11-CV-0423 (N.D.N.Y. Nov. 2, 2011) (finding that the

Plaintiff had accumulated three strikes prior to April 6, 2011). All of these strikes were accumulated prior to June 15, 2012, the date this action was commenced.

In his Response to the present Motion, the Plaintiff does not dispute that he accumulated more than three strikes prior to bringing this action. Instead, he claims that the three strikes provision is unconstitutional, in that it infringes on his Constitution right to access the courts. ECF No. 25, at 6. In addition, he argues that his prior "fifteen (15) civil actions in the Second Circuit were all honest misstates (sic)." ECF No. 25, at 8. I need not address the Plaintiff's Constitutional claim at length, since the Second Circuit has already found the PLRA, and more specifically, the three strikes provision, to be Constitutional. *See Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) ("Section 1915(g) presents no unconstitutional burden to a prisoner's access to the courts.").

Since the Plaintiff has accumulated three strikes prior to commencing this action, he may only proceed *in forma pauperis* if he qualifies under the imminent danger exception. The Second Circuit has explained that the imminent danger exception only applies to danger existing at the time the complaint is filed. *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010). In other words, the exception does not provide a basis to avoid application of the three strikes rule on the basis of past harm. *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). In this case, the Plaintiff is only seeking recovery for past harms, and makes no allegation that at the time he commenced this action that he was in any danger, much less imminent danger, of death or serious physical injury. As such, the Plaintiff does not qualify for the imminent danger exception to the three stikes rule.

## CONCLUSION

Because the Plaintiff accumulated at least three strikes prior to commencing this action, and because he was not in imminent danger of serious physical injury, he may not proceed *in*

*forma pauperis* in this case. The Defendants' Motion (ECF No. 22) to revoke Plaintiff's *in forma pauperis* status is GRANTED, Plaintiff's *in forma pauperis* status is hereby REVOKED, and the Complaint is DISMISSED without prejudice to refile with payment of the $350.00 filing fee within 14 days.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: June 15, 2015
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court